United States District Court
Southern District of Texas
**ENTERED**
October 23, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| ANTHONY WELCH, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:25-CV-4854 |
| | § | |
| HARRIS COUNTY TAX OFFICE, *et al.*, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |

**ORDER**

Pending before this Court are Defendants Harris County Tax Office and Annette Ramirez's (collectively, "the County") Motion to Dismiss Plaintiff Anthony Welch's ("Welch" or "Plaintiff") Second Amended Complaint, (Doc. No. 21), and Defendant Harris County Appraisal District's ("HCAD") Motion to Dismiss Plaintiff's Second Amended Complaint. (Doc. No. 23). Plaintiff responded in opposition to each motion. (Doc. Nos. 24, 28). The County replied in support of its motion. (Doc. No. 26). After considering the motions and the law, the Court hereby **GRANTS** the County's Motion to Dismiss, (Doc. No. 21), and **GRANTS** HCAD's Motion to Dismiss. (Doc. No. 23).

## I. Factual Background

Plaintiff is the owner of real property located in Harris County. He alleges that the County and HCAD have "engaged in actions and omissions that resulted in the improper, unequitable and unfair assessment, collection and enforcement of ad valorem taxes on his real property." (Doc. No. 19 (Second Amended Complaint) at 3). Plaintiff further alleges the County and HCAD violated his due process and equal protection rights, and asserts causes of action for constitutional violations under 42 U.S.C. § 1983. He also asserts additional state law claims, including "negligence, ultra

vires conduct, and violations of applicable provisions of the Texas Tax Code." (Second Amended Complaint at 4). The County and HCAD have both moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and HCAD has also moved under Rule 12(b)(1).

## II. Legal Standards

### A. Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A federal court has original jurisdiction to hear a suit when it is asked to adjudicate a case or controversy that arises under federal-question or diversity jurisdiction. U.S. Const., art. III, § 2, cl. 1; 28 U.S.C. §§ 1331-32. Whether a federal court has jurisdiction must "be established as a threshold matter" and "is inflexible and without exception." *Webb v. Davis*, 940 F.3d 892, 896 (5th Cir. 2019) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). A Rule 12(b)(1) motion to dismiss allows a party to challenge the exercise of the Court's subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). In analyzing a motion to dismiss under Rule 12(b)(1), a court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts or evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Plaintiff, as the party asserting jurisdiction, bears the burden of proof to defeat a Rule 12(b)(1) motion to dismiss. *Id.*

### B. Rule 12(b)(6)

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. Analysis

### A. HCAD's Rule 12(b)(1) Motion to Dismiss

The County and HCAD have moved to dismiss under Rule 12(b)(6). Only HCAD has moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).

The Tax Injunction Act states that: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Fifth Circuit has held that "the Tax Injunction Act imposes an equitable duty on federal district courts to refrain from exercising jurisdiction over claims arising from state revenue collection except when the remedies

the state provides could prevent a taxpayer from asserting a federal right." *McQueen v. Bullock*, 907 F.2d 1544, 1547 (5th Cir. 1990) (citing *Tully v. Griffin Inc.*, 429 U.S. 68, 73–75 (1976)). "State remedies that prevent the assertion of a federal right are not, in the words of the Tax Injunction Act, 'plain,' 'speedy' or 'efficient.'" *Id.*

The Fifth Circuit has repeatedly addressed the adequacy of Texas remedies under the Tax Injunction Act and found them to be "plain, speedy and efficient." *Id.* at 1547 n. 9 (collecting cases). Additionally "Texas courts would permit [a plaintiff] to assert his federal claims. *Id.* at 1547. "Similarly, the extend jurisdiction over claims that an agency contravened constitutional imperatives." *Id.* Welch's Second Amended Complaint alleges that the Defendants' conduct "resulted in the improper, unequitable and unfair assessment, collection and enforcement of ad valorem taxes on his real property," and that they "failed to provide adequate notice and allow a meaningful opportunity to be heard," in violation of Welch's constitutional rights to due process and equal protection. (Second Amended Complaint at 3-4).

As stated above, Texas courts would permit Welch to assert all of these claims. *McQueen*, 907 F.2d at 1547. Put more directly: "Texas provides for adequate injunctive and declaratory relief for taxpayer resisting ad valorem tax assessment." *Id.* at 1547 n. 9 (citing *City of Houston v. Standard Triumph Motor Co.*, 347 F.2d 194, 199 (5th Cir. 1965)).

That being the case, Welch has "not demonstrated that the state courts have refused to entertain [his] federal claim . . . ." or "that [his] state remedy is uncertain or speculative." *Smith v. Travis Cnty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992). This case falls squarely within the

reach of 28 U.S.C. § 1341, and this Court lacks subject matter jurisdiction over all of Plaintiff's claims. *See McQueen*, 907 F.2d at 1547.[1]

### B. The County's Rule 12(b)(6) Motion to Dismiss

The County's motion to dismiss under Rule 12(b)(6) does not address whether this Court has subject matter jurisdiction. Welch's response and the County's reply, however, do address the applicability of the Tax Injunction Act. Further, "[i]t is axiomatic that a district court may inquire into the basis of its subject matter jurisdiction at any stage of the proceedings." *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980). This Court lacks subject matter jurisdiction for all of the reasons set out above, and consequently Welch has not pleaded a claim upon which this Court can grant relief. The County's motion to dismiss is granted.

## IV. Conclusion

For the foregoing reasons, the County's Motion to Dismiss, (Doc. No. 21), and HCAD's Motion to Dismiss, (Doc. No. 23), are **GRANTED**. Plaintiff's claims are hereby dismissed with prejudice.

It is so ordered.

Signed on this the 23rd day of October 2026.

Andrew S. Hanen
United States District Judge

[1] This Court is also aware of the Fifth Circuit's unpublished opinion in *Clark v. Andrews County Appraisal Dist.*, 76 F. App'x 525 (5th Cir. 2003). That case is not precedential, pursuant to 5th Circuit Rule 47.5. That being said, the Fifth Circuit in *Clark*—applying *McQueen*, *Smith*, and § 1341—affirmed the district court's dismissal for lack of subject matter jurisdiction of the plaintiffs' claims against "various taxing authorities" for "violations of their due process and equal protection rights." *Id.* That is precisely the situation presented here.